**Lesley CHANIN, Appellant,**

v.

**Joel FEIGENHEIMER, individually, Shari Gherman, individually, Jach, Inc., a Florida corporation, China Grill Management, Inc., a Florida corporation, John Polsenberg, Jack Polsenberg, I. Salver CPA, a Certified Public Accountant, and I. Salver CPA, P.A., a Florida Professional Association, Appellees.**

No. 4D15–2073.

District Court of Appeal of Florida, Fourth District.

Nov. 2, 2016.

Richard H. Levenstein and Abby M. Spears of Kramer, Sopko & Levenstein, Stuart, for appellant.

Michael T. Kranz of Jones, Foster, Johnston & Stubbs, P.A. for appellees, China Grill Management, Inc., a Florida corporation, John Polsenberg and Jack Polsenberg.

GROSS, J.

We write to address the viability of independent tort claims filed by a former wife against the *employer* of her former husband. The former wife seeks to establish a cause of action that has not previously been recognized in Florida. Because of the potential ramifications that would arise if such lawsuits were permitted, we decline to recognize the cause of action, but leave that decision to the legislature or the Florida Supreme Court.

In her seventh amended complaint, the former wife contended that *after* the final judgment of dissolution, the employer conspired with the former husband to fraudulently conceal his true income, thereby precluding her from exercising her right to seek an upward child support modification of a 1999 dissolution decree. The husband and wife stipulated to an agreed final judgment requiring them to exchange W–2 forms, so that each would know the other's income. The wife alleged that the husband and the employer conspired to depress his W–2 income by directing a substantial portion of his income to a corporation formed by the husband, with his new wife as the president and sole owner of the company. Appellant adequately pleaded the elements of a conspiracy to commit fraud. The trial court granted a motion to dismiss for failure to state a cause of action.

Appellant relies upon *Brown v. Birman Managed Care, Inc.,* 42 S.W.3d 62 (Tenn. 2001), but we decline to adopt it in Florida. *Brown* permits the assertion of a claim for a conspiracy to commit fraud against a former spouse's employer under circum-

stances similar to those here alleged. We believe that questionable financial machinations have long occurred in post-dissolution proceedings and find it curious that *Brown* is the only case anywhere that squarely confronts the issue.[1]

Declaring *Brown* to be the law of Florida would have far reaching implications. Employers will generally have deeper pockets than former spouses, making them attractive litigation targets. A spouse's compensation may vary from year to year, depending on profits, opening an employer up to claims of collusion, even where none exists. An employer may be wholly innocent, and properly report all income paid, but the expense of defending against claims may be prohibitive. Employers may decide that the cost of employing divorced spouses is not worth the risk of exposure to post-dissolution litigation. To add such claims to the arsenal of dissolution litigators requires the weighing of competing interests—of employers, divorced spouses, and children who have not received their due. We decline to impose such a sweeping change on Florida law, and leave evaluation of the policy considerations to the legislature or the Florida Supreme Court. The legislature or Court might well decide that, because this post-dissolution case involves the loss of potential child support, the recognition of a conspiracy to commit fraud cause of action against the employer is justified.

We certify the following question to the Florida Supreme Court as being of great public importance:

MAY A FORMER SPOUSE PURSUE AN INDEPENDENT TORT CLAIM AGAINST THE EMPLOYER OF THE OTHER FORMER SPOUSE FOR FRAUDULENT CONDUCT THAT (1) OCCURS AFTER THE FINAL JUDGMENT AND (2) FALSELY DEPRESSES THAT SPOUSE'S INCOME SO AS TO LIMIT THE OBLIGATION FOR CHILD SUPPORT?

WARNER, J., and SINGHAL, RAAG, Associate Judge, concur.

---

1. *Dale v. Dale*, 66 Cal.App.4th 1172, 78 Cal. Rptr.2d 513 (1998) involved a former wife's tort lawsuit against her former husband and the bookkeeper for his medical practice. The opinion appears to allow a tort suit against the bookkeeper for fraud that occurred *during* a dissolution proceeding.